Deen, Presiding Judge,
concurring specially.
"Or to a” separating the sexes, female and male, plus the specific non-use of the asexual term "person” convinces me the majority view is correct.
It is noteworthy that neither the majority opinion, the dissenting opinion, nor this special concurrence sets forth the facts in this case outlining the alleged obscene, vulgar or profane language. This could be motivated by the fact that we do not desire our published opinions to be obscene, which points up the issue raised in the dissent. "In this day and age” who is to say what is "obscene and vulgar and profane”?
Certainly we cannot look to the standards of the chief architect of America’s present methodology of the so-called "progressive education” system, John Dewey, who was also one of the founders of the Illinois Chartered American Humanist Association, a nontheistic religion. He adopted pragmatic, relativistic concepts as his guiding philosophy believing that since man was a changing biological animalistic organism that teaching children any of the absolutes of morals, government or ethics was a waste of time.
"Obscenity” is outside the protection of the First Amendment. Roth v. United States, 354 U. S. 476. The factfinder is the appropriate forum, "in this day and age,” to decide what is obscene. Judge Evans states this position well in Feldschneider v. State, 127 Ga. App. 745 (195 SE2d 184): "It is most likely that the jurors found this book, as I do, offensive, utterly without redeeming social value, published for the purpose of appealing to prurient interest in perversion and degeneracy, and an affront to the contemporary community standards of any community anywhere.” I would affirm.